Caldwell v. Palmer.

S. H. CALDWELL et al. v. T. B. PALMER AND WIFE.

1. JUDICIAL SALE. *Rights of purchaser if sale is void.* It is settled law of this State, that the purchaser of realty at a judicial sale, had under proceedings for the payment of the debts of a deceased person, is entitled, if the sale be declared void at the instance of the heir, to have the benefit of so much of the purchase money as was used in the payment of debts which were a proper charge on the land, or received by the heir, and the relief will be granted upon a bill filed by the purchaser, or the evicted party claiming under him, after a recovery of the land by the heir by an action at law without the aid of the court of chancery.

2. SAME. *Same. Statute of limitations.* Neither the statute of limitations nor lapse of time will bar the assertion of the right if asserted in the adjustment of the accounts between the parties growing out of the recovery of the heir.

FROM HENRY.

Appeal from the Chancery Court at Paris. JOHN SOMERS, Ch.

COLE & SWEENEY for complainant.

S. T. TAYLOR for defendants.

COOPER, J., delivered the opinion of the court.

The chancellor dismissed this bill for want of equity on its face, and complainants appealed.

In the year 1867, W. B. Simmons departed this life intestate, leaving as his only heir the defendant, Kate A. Simmons, now the wife of the defendant, Thos. B. Palmer. The intestate was indebted to sev-

Caldwell *v.* Palmer.

eral persons named, in the several sums named, aggregating $468.76, and there came to the hands of his administrator in available personal assets about $23.25. On August 31, 1869, the administrator filed his bill in the county court against Kate A. Simmons, then a minor, for a sale of land to pay these debts, and such proceedings were had that the land was ordered to be sold and was sold, the complainant Sweeny becoming the purchaser at the price of $350, which he paid into court. The sale was confirmed, and title made to the purchaser, who afterwards sold the land to complainant Caldwell. The money paid into court was used in paying the debts mentioned as far as it would go, the debts being *bona fide* and a charge on the realty. In 1874, Palmer and wife brought an action of ejectment and recovered the land, on account of a want of jurisdiction in the county court to decree its sale. On October 1, 1876, Palmer and wife were put in possession of the land, and, shortly thereafter in 1877, brought separate suits at law against each of the complainants to recover *mesne* profits. Complainants had made considerable improvements on the land, and filed this bill for an account of the permanent enhancement of the land by reason of these improvements, and also to have the benefit of so much of the purchase money paid into the county court as was used in the payment of the debts of the estate. The bill sets out the foregoing facts, and adds that Sutherlin, the administrator, is dead and "has no representative."

The chancellor was clearly in error in holding that the bill contained no equity. By the Code, secs. 3259,

3261, the complainants had their election to assert their
right to compensation for improvements by bill in equi-
ty, or by way of set-off at law, and have elected, by
this bill, to come into equity: *Avent* v. *Hord*, 3
Head, 458.

This point seems to have been lost sight of, and
the contest, both in this court and the court below,
was over the right of the complainants to the benefit
of so much of the purchase money of the land as
was used in the payment of the debts of the estate.
It is conceded to be the settled law of this State,
that the purchaser of property at a judicial sale, un-
der proceedings for the payment of the debts of a
deceased person, is entitled, if the sale be declared
void at the instance of the heir, and the property re-
covered, to be subrogated to the rights of the cred-
itors whose debts were a proper charge on the land,
and were paid: *Martin* v. *Turner*, 2 Heis., 384;
*Starkey* v. *Hammer*, 1 Baxt., 438; *Bennett* v. *Cald-
well*, 8 Baxt., 483; *Campbell* v. *Bryant*, 1 Leg. Re-
porter, 134.

The rule was the same where slaves were sold for
the like purpose, or for the benefit of the heirs,
when it appeared that the money was applied to the
payment of debts or appropriated for the benefit of
the heirs: *Elliott* v. *Cochran*, 2 Sneed, 468; *Arring-
ton* v. *Grissom*, 1 Cold., 522. This equitable relief
is resisted in the present case upon the ground that
it is only granted where the court is appealed to by
the opposite party for its aid, and on the further
ground that the right in this instance is barred by

the statute of limitations of seven years: Code, secs. 2279, 2784.

The general rule of the court of chancery is, that where the matter of defense is of purely equitable cognizance, the court will give relief after judgment at law, for the obvious reason that the party would be otherwise without redress: *Appleton* v. *Harwell*, Cooke, 242. The right of subrogation, as well as the right to charge land recovered for the benefit of the losing party, is exclusively of equitable cognizance. It has been enforced wherever a sale of land is rescinded for any cause, either at the instance of the vendor or vendee: *Outlaw* v. *Morris*, 7 Hum., 262; *Sneed* v. *Bradley*, 4 Sneed, 301; *Winters* v. *Elliott*, 1 Lea, 676. And against infants: *Martin* v. *Turner*, and other cases *supra*. Married women: *Pilcher* v. *Smith*, 2 Head, 209; *Wright* v. *Dufield*, 2 Baxt., 218. And a lunatic: *Alston* v. *Boyd*, 6 Hum., 504. The very point now relied on was made in one of our earliest cases. There the vendee of land under a parol contract came into equity for relief. "It is not controverted," says Judge Green in delivering the opinion of the court, "that if the owner of the land were, in such case, to come into equity seeking an account (of rents), the defendant would be permitted to deduct therefrom the full amount of all meliorations and improvements which he has beneficially made upon the estate. This would be done upon the old and established principle that he who seeks equity must do equity. But it is supposed that courts of equity ought not to go further, and to grant active relief in

favor of a *bona fide* possessor, by sustaining a bill for improvements brought by him against the true owner after he has recovered the premises at law." The court, however, held otherwise, and granted the relief: *Herring* v. *Pollard*, 4 Hum., 362. It was so held against a married woman in *Pilcher* v. *Smith*, 2 Head, 209. And for the recovery of purchase money after ejectment at law, in *Rhea* v. *Allison*, 3 Head, 176. And see, for various instances of the grant of affirmative relief under different circumstances, *Humphreys* v. *Holtsinger*, 3 Sneed, 228; *Masson* v. *Swan*, 6 Heis., 450; *Smithson* v. *Inman*, 2 Baxt., 88; *Ridley* v. *McNairy*, 2 Hum., 174. The analogy between the principle settled in the foregoing cases and the principle involved in the case now before us is obvious: *McKenna* v. *Jones*, 4 Lea, 630. And the precise question was before us at the last term at Nashville, and decided in accordance with these precedents. There, an infant's land had been sold under proceedings in the county court, based upon the ground that the sale was manifestly for the interest of the minor. The infant brought ejectment for the land, and a subvendee of the purchaser filed a bill to be subrogated to the rights of the purchaser, and to have the benefit of any part of the purchase money which was actually used for or by the infant. The chancellor dismissed the bill for want of equity on its face, and this court reversed his decree, and held that the subvendee was entitled to the relief sought: *Trousdale* v. *Maxwell*, December term, 1880.

The defense of the statute of limitations is more

plausible.   The rule is, that if a personal representative pay debts beyond the personal assets, he is subrogated to the rights of the creditors whose debts he has paid, and may, like them, be barred by the statute of limitations: *Pea* v. *Waggoner,* 5 Hayw., 1. It is the same with a legatee who pays the debts of the estate: *Mitchell* v. *Mitchell,* 8 Hum., 359.   But the rule applies only where the personal representative or the legatee is seeking, as the creditor would have been compelled to do, to subject the realty descended and held by the heir.   After the land has been actually subjected by judicial proceedings, and the purchaser of the property in good faith has gone into possession, and the heir recovers the land because of some defect in the proceedings, another principle comes into play.   The parties stand as if the person under disability had made the sale, and afterwards had it set aside.   In such a case, if the party come into equity to remove the cloud from his title occasioned by the judicial proceedings, or, under our recent statute and decisions, to recover the land by an ejectment bill, it is clear that equity would not give him relief unless he did equity by refunding whatever benefit he may have received under the sale.   If now he chooses to sue at law for the land, the identical question arises as was considered in *Herring* v. *Pollard,* and other cases above cited.   Can he deprive the person in possession of the land in good faith, claiming under the title acquired by the judicial sale, of a conceded equity by going into the legal forum?   Clearly not.   The court of chancery will enforce the equity in this, as

42—VOL. 6.

in the other cases, by entertaining a bill for the purpose, and for the same reason, that the relief cannot be had at law. In such cases, as our authorities abundantly show, time will not affect the equity: *Alston* v. *Boyd,* 6 Hum., 504; *Hilton* v. *Duncan,* 1 Cold., 313; *Ridley* v. *McNairy,* 2 Hum., 164; *Pilcher* v. *Smith,* 2 Head, 209. The reason is, that neither the statute of limitations nor lapse of time have any application to a bill in chancery in which the complainant is resisting the defendant's demand by some equity inherent in the right or covenant on which the demand is rested, or claiming an equitable set-off: *Hotchkiss* v. *Fortson,* 7 Yer., 67; *Lewis* v. *Brooks,* 6 Yer., 166. In *Ridley* v. *McNairy,* 2 Hum., 174, the complainant had, for fourteen years, been in possession and enjoyment of land under a parol gift. The heirs of the donor, after his death, recovered the land, but the donee was declared entitled to the value of his improvements, subject to an account for rents and profits. "Although," says Judge Reese in delivering the opinion, "in such case the owner could not put forth any independent claim to rents and profits, still, when the occupier comes to be compensated for his improvements, the value of what he has actually enjoyed enters, upon principles of natural equity, as a necessary element into the compensation." So, we may say in the case before us, although the complainants "could not put forth an independent claim" to subject the defendant's land to the payment of the debts paid with their money, yet, when the defendants come to claim the land to relieve which from these debts

the money was paid, the benefit which the defendants have actually received by the payment enters, upon principles of natural equity, as a necessary element into the controversy, notwithstanding the mere lapse of time.

The decree must be reversed and the cause remanded for further proceedings. The defendants will pay the costs of this court.